_____ FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

MAY 09 2017

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR A WARRANT AUTHORIZING THE SEARCH OF A 2008 VOLKSWAGEN PASSAT, VIN: WVWTK73C28E154634 | Case No. 18-1236-ADC<br><br>Filed Under Seal |

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Thomas Stevens, Special Agent with the Drug Enforcement Administration ("DEA"), being duly sworn, depose and state as follows:

### Purpose of the Affidavit

1. I submit this affidavit in support to search the following target vehicle:

   a) License Plate: MD/2CZ8382, VIN: WVWTK73C28E154634, 2008 Volkswagen Passat, Registered to Owner OLN: O-416-765-149-746, Shawn Donta OLIVER, Black, Male, HGT: 5'06", Weight: 155, DOB: 09/27/74, 8963 Early April Way Apt B Columbia, MD 21046. ("the Target Vehicle")

2. As a result of the ongoing investigation, more fully described below, there is probable cause to believe that the Target Vehicle (as detailed in Attachment A) contains evidence, fruits and instrumentalities (as detailed in Attachment B) of a federal criminal offense, specifically: conspiracy to possess with intent to distribute controlled and dangerous substances in violation of 21 U.S.C. § 846.

### Affiant Background and Expertise

3. I am a Special Agent with the DEA dealing primarily in the investigation of individuals who transport, sell and distribute illicit narcotics and narcotics proceeds. I am

-1-

therefore an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in 18 U.S.C. § 2516. I have been a sworn Special Agent with the DEA for more than nine years. I have initiated and participated in many drug investigations and I have participated in the execution of numerous federal and state search warrants, and participated in the arrest of many individuals for violations of federal and state narcotics laws. Through hundreds of surveillances and interviews, I am familiar with the actions, traits, habits and terminology utilized by traffickers of controlled dangerous substances. Additionally, I have extensive experience and training in the subject of narcotics trafficking.

6. Based on my training and experience, I know that individuals involved with drug trafficking frequently use cellular telephones, communication devices and other electronic media to further their drug trafficking activities. In particular, I know that cellular phones are employed by drug traffickers to communicate with criminal associates and to facilitate drug trafficking. I also know from my training and experience in investigating drug trafficking organizations that the call histories/stored numbers, and stored text messages of cellular phones often yield evidence that leads to the identification of co-conspirators. In addition, I know based on my training and experience that narcotic traffickers frequently maintain and use numerous electronic devices (especially cellular telephones) in an effort to conceal their activities. Such electronic devices are likely to contain evidence of their communications (by telephone, text message, email, social media, or otherwise) with customers, suppliers, and co-conspirators. Electronic devices kept by drug traffickers are also likely to contain the names, addresses, email addresses, and/or telephone numbers of associates and co-conspirators. Further, narcotics traffickers often take or cause to be

taken photographs of themselves, their associates, their property and their drugs. These traffickers usually maintain these photographs in their possession, in locations such as their homes, vehicles, electronic devices, or on their person. I also know based on my training and experience that narcotics traffickers often possess cellular phone devices in their vehicles. During my career, I have seized electronic devices such as cellular phones that store indicia of drug trafficking from the vehicles of narcotics traffickers.

7. Based on my knowledge, training, and experience, I also know that individuals involved in the illegal distribution of dangerous controlled substances often keep and maintain records of their various illegal activities. These records take various forms. For example, records commonly concealed by traffickers, include but are not limited to: notes in code, deposit slips, records of wired money transactions, savings pass books, hidden bank accounts, photographs of co-conspirators, various forms of commercial paper, personal address books, notebooks, receipts, ledgers, travel receipts (rental receipts, airline tickets, bus tickets, and/or train tickets), money orders and other documents relating to the ordering, transportation, sale and distribution of controlled dangerous substances which may contain identifying data of the co-conspirators. In addition, I am aware that narcotics traffickers frequently maintain these records for long periods of time; sometimes even years after the drug transactions are complete. Additionally, narcotics traffickers commonly maintain books, records and other documents that identify and contain the names, addresses and/or telephone numbers of associates in their narcotics-trafficking or money-laundering activities, including, but not limited to: address books, telephones, cellphones, iPads, Tablets, or personal digital assistants with stored telephone information, notes reflecting telephone numbers, photographs (to include still photos, negatives, movies, slides, video tapes,

and undeveloped film).

## PROBABLE CAUSE

8. For the past several months, I have been investigating a drug trafficking organization (DTO) with ties to Detroit, Michigan and Baltimore, Maryland. In connection with the investigation, I received information from DEA Detroit about an individual named James McGlory. Some of the information was as follows: on July 10, 2017, members of DEA Detroit, Michigan executed a federal search warrant on a stash house in Novi, Michigan and DEA Detroit seized thirty-four (34) kilograms of heroin/fentanyl mix, approximately $500,000.00, and arrested three (3) individuals. In the driveway of the residence was a vehicle, which was also searched. Investigators seized one (1) kilogram of cocaine from the vehicle. A palm-print analysis was performed on the one (1) kilogram of cocaine from the vehicle and the palm-print was a match to that of James McGlory, born in 1985. Additionally, historical cell cite data reveals that Johnson's cellular phone was in the vicinity of the stash house on numerous occasions, where the above-described narcotics were recovered, in the days and weeks prior to the execution of the search warrant.

9. Based on this information, DEA Baltimore began investigating the travel patterns of McGlory and Johnson. DEA Baltimore determined that McGlory and Johnson were travelling to Maryland earlier last week (approximately April 11 and April 12). When Johnson arrived on April 11, 2018, DEA surveilled Johnson and Griffin to a Comfort Inn in Towson, Maryland. On April 12, 2018, McGlory travelled to Maryland and travelled to that same Comfort Inn. Also on April 12, 2018, DEA surveilled the vicinity of 6603 ENGLISH OAK ROAD, BALTIMORE, MARYLAND and investigators observed Griffin's vehicle, a Nissan Altima. On the morning of

April 13, 2018, investigators observed Shawn Oliver arrive in the Target Vehicle, exit the Target Vehicle, and enter a building in the vicinity of 6603 ENGLISH OAK ROAD, BALTIMORE, MARYLAND while carrying a weighted bag that appeared to contain a box.

10. Thereafter, approximately ten minutes later on April 13, 2018 investigators observed Griffin and McGlory in the vicinity of 6603 ENGLISH OAK ROAD, APARTMENT I, BALTIMORE, MARYLAND. More specifically, investigators observed McGlory and Griffin walking around the side of the building where the above-described apartment is located and at the time, Griffin held a trash bag that he placed in the trash outside of the building. Shortly thereafter, investigators retrieved the trash and searched the bag. Inside of the bag was a label addressed to 6603 ENGLISH OAK ROAD, APARTMENT I, BALTIMORE, MARYLAND and several heat-sealed bags and rubber gloves that the investigators know are used for narcotics trafficking. Thereafter, investigators observed McGlory and Griffin as they entered a Nissan Altima, registered to Griffin, and travelled back to the Comfort Inn where they met with Manjaro Johnson in the vicinity of the room rented by Griffin.

11. Thereafter, the McGlory, Griffin and Johnson entered the Altima and travelled away from the Comfort Inn. Investigators conducted an investigative car stop of the Altima at approximately 1:29 on April 13, 2018 in the vicinity of 6628 Collinsdale Road, Parkville, Maryland, 21234. Inside of the car was Griffin, who was driving, McGlory, who was in the front seat and Johnson who was in the rear passenger seat. Thereafter, Anne Arundel County Police K-9 Miki #3448 conducted a sniff of the vehicle. TFO Jonathan Van Dyke determine that Miki alerted positively to the odor of controlled dangerous substances emanating from the interior of the vehicle. Investigators searched the vehicle but did not recover any CDS. Also, investigators

observed from the interior of Griffin's vehicle was a photograph bearing an image of Shawn Oliver and two other unknown males.

12. Investigators asked McGlory, Griffin and Johnson where they were coming from. Griffin said that he came from his cousin's house two streets away. None of the defendants mentioned travelling to the vicinity of English Oak Road or the Comfort Inn.. Investigators asked Griffin for Keys to the car which he provided to them. Griffin also provided an additional set of keys. On that ring, there appeared to be an apartment key. Investigators tested the key from Griffin in the door to 6603 ENGLISH OAK ROAD, APARTMENT I, BALTIMORE, MARYLAND and determined that it opened the door. Noticing that a TV was on inside of the apartment, Investigators briefly entered into 6603 ENGLISH OAK ROAD, APARTMENT I, BALTIMORE, MARYLAND for their safety and to prevent the potential destruction of evidence and determined that Shawn Oliver was inside of the apartment. Inside the apartment, at the time a security/safety sweep was executed, Oliver was located inside the apartment. Oliver stated, post-*Miranda*, that APARTMENT I was his Aunt's, yet law enforcement did not find any articles of clothing or items in the bathroom that were consistent with that statement. Oliver refused to speak further to investigators. The trained K-9, Kiki, also conducted a scan of the door for the apartment. Said scan was positive for the presence of the odor CDS.

13. Based in part on the above described information, on April 13, 2018, United States Magistrate Judge Stephanie Gallagher signed a warrant to search 6603 ENGLISH OAK ROAD, APARTMENT I, BALTIMORE, MARYLAND. Investigators executed the search warrant and recovered approximately fifteen (15) kilograms of cocaine, three (3) kilograms of additional CDS,

half a pound of marijuana and $138,749.00 USC.[1] Investigators know that the quantities are consistent with distribution of CDS. From inside of the apartment, investigators also recovered mail addressed to Griffin (in Griffin's name but sent to a different address than 6603 ENGLISH OAK ROAD) and mail addressed to Oliver (in Oliver's name but sent to a different address than 6603 ENGLISH OAK ROAD). From a closet, investigators recovered a money counter and a kilogram press that I know, based on my training and experience is used for drug trafficking.. Investigators also recovered numerous electronic devices including a laptop computer. Investigators believe said devices will contain additional indicia of narcotics trafficking.

14. On April 13, 2018, in the vicinity of 6603 ENGLISH OAK ROAD, investigators identified the Target Vehicle. The Target Vehicle is registered to defendant Oliver. Investigators took the Target Vehicle into custody after Oliver's arrest. Baltimore County Police Department towed the vehicle to the office of DEA Baltimore. Since that time, no one other than members of law enforcement have had address to the locked Target Vehicle. I know based on my training and experience that large-scale drug traffickers, like Oliver and members of the MCGLORY DTO, often utilized hidden compartments within vehicles. I also know based on my training and experience that hidden compartments are frequently utilized by narcotics traffickers to secretly transport drugs and/or narcotics proceeds. I also know that once a hidden compartment is installed in a vehicle, it is rarely uninstalled by the user of the vehicle, unless the user of owner sells said vehicle. I also know, based on my training and experience, that narcotics traffickers prefer to utilize non-descript, low-key vehicles, like the Target Vehicle, to transport narcotics and/or narcotics proceeds so as to not draw attention from law enforcement. Lastly, I know based on my

---

[1] Lab analysis of the suspected CDS is pending.

training and experience, as described above, that narcotics traffickers often use numerous cellular telephones in furtherance of drug trafficking and often store such items in their vehicles. I believe that the Target Vehicle will likely contain electronic devices used in furtherance of narcotics trafficking.

## CONCLUSION

15. As described in further detail above, I believe there is probable cause to believe evidence of violations of 21 U.S.C. § 846 in the Target Vehicle. Furthermore, I respectfully request permission to search the Target Vehicle, as probable cause exists that certain items relating to violations of 21 U.S.C. § 846 are present in the Target Vehicle.

16. Based upon the information contained herein, the totality of this investigation, and my training, knowledge, and experience, I believe that Shawn Donta Oliver uses the Target Vehicle in furtherance of his drug trafficking activity. Thus, I believe that the Target Vehicle contains evidence, fruits, instrumentalities, and/or evidence of conspiracy to possess with the intent to distribute controlled and dangerous substances as described in Attachment B.

_____
Thomas Stevens
Special Agent
Drug Enforcement Administration

Sworn and subscribed to me this 24th day of April, 2018.

_____
The Honorable A. David Copperthite
United States Magistrate Judge
District of Maryland

-8-

# ATTACHMENT A
## (Vehicle to be Searched)

1.  A 2008 Volkswagen Passat Wagon, Brown, License Plate: MD/2CZ8382, VIN: WVWTK73C28E154634, Registered to Owner OLN: O-416-765-149-746, Shawn Donta OLIVER, Black, Male, HGT: 5'06", Weight: 155, DOB: 09/27/74, 8963 Early April Way Apt B Columbia, MD 21046 ("the Target Vehicle").

## ATTACHMENT B
### (Items to be Seized)

**The Target Vehicle shall be searched for:**

1. Controlled and Dangerous Substances (CDS);

2. Paraphernalia used in the manufacture, preparation, packaging, or weighing of CDS in preparation for distribution, to include, scales, plastic bags, gelcaps, rubber gloves, heat sealed envelopes, vials, cutting agents (such as Mannitol and Quinine), and kilogram wrappers;

3. Currency or currency equivalents;

4. Records of narcotics transactions including, but not limited to, books, ledgers, receipts, notes, pay and owe sheets, and other papers relating to the manufacture, transportation, possession, and distribution of controlled substances or the receipt and disposition of proceeds derived from the sale of illegal narcotics;

5. Financial records and other records or documents reflecting narcotics-trafficking activity or the disposition of narcotics proceeds, including, but not limited to, currency; financial instruments; stocks; bonds; jewelry; precious metals; bank checks; cashier's checks and receipts for such checks; Western Union receipts; money orders; money order receipts; credit cards; credit card records; pre-paid credit cards; green dot cards and documents relating thereto; vehicle registrations; real estate records; income tax returns and any documentation relating to the payment of any income tax; mail and contract mail carrier records; documentation and receipts relating to any safe deposit boxes and keys to safe deposit boxes; documentation and receipts relating to any storage facilities and keys to those storage facilities; devices capable of counting large sums of currency; other items of value or proceeds derived from the sale of illegal narcotics; and any other documents or evidence of financial transactions involving the receipt and disposition of the proceeds of illegal narcotics sales;

6. Records that identify other co-conspirators, including, but not limited to: address books; telephone books; rolodexes; telephone bills and records; telephones/cellphones and the numbers and other data stored within those telephones; pagers and personal digital assistants, and the numbers stored inside those devices; devices capable of recording incoming telephone numbers, and the numbers stored within those devices; records of telephone calls, whether recorded electronically or in writing; notes reflecting telephone and pager numbers, or papers which reflect names, addresses, and telephone numbers of suspected co-conspirators; photographs (to include still photos, negatives, movies, slides, video tapes, and undeveloped film); and audiotape recordings of conversations, including those made over telephone answering machines;

7. Identification documents;

8. Records of travel including, but not limited to, tickets, transportation schedules, passports, automobile rental records, notes and receipts related to travel, and motel/hotel receipts;

−10−

9. Indicia of rental, control, and/or ownership of the vehicle, including keys, photographs, lease agreements, rental receipts, titles, registration documents, and other documents;

10. Safes, combination or key-lock strong boxes or other secure storage containers, suitcases, and other types of containers, whether locked or unlocked; hidden compartments that may contain any of the foregoing; and the contents thereof; and

11. Cellphones and related records and equipment.